**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Darrel & Janine Gustafson, d/b/a<br>1 Stop Market, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | **ORDER GRANTING MOTION FOR**<br>**TEMPORARY RESTRAINING ORDER** |
| vs. | )<br>) | |
| Linus Poitra and Raymond Poitra, | )<br>) | Case No. 4:12-cv-129 |
| Defendants. | ) | |

Before the Court is a Motion for Temporary Restraining Order filed by the Plaintiffs on October 1, 2012. For the reasons set forth below, the motion is granted.

**I.     BACKGROUND**

This lawsuit concerns the alleged interference with a business located within the Turtle Mountain Indian Reservation. The record reveals the parties have been embroiled in a litany of legal battles for more than a decade. The Plaintiffs, Darrel and Janine Gustafson, are non-Indians who own and operate the 1 Stop Market in Belcourt, North Dakota. The business is a gas station and convenience store located on non-Indian fee land—property owned in fee by non-Indians, the Gustafsons, but located within the Turtle Mountain Indian Reservation. See Plains Commerce Bank v. Long Family Land & Cattle Co., 554 U.S. 316, 328 (2008) (explaining the Supreme Court uses the term "non-Indian fee land" to refer to land within a reservation owned by a non-Indian in fee). The Defendants, Linus and Raymond Poitra, are enrolled members of the Turtle Mountain Band of Chippewa Indians and live on the Turtle Mountain Indian Reservation. The Gustafsons essentially

1

contend the Poitras are interfering with their business by blocking the access road to 1 Stop Market. The Gustafsons seek a temporary restraining order to prevent the Poitras from interfering with their ownership rights and interest in their property.

**II.     LEGAL DISCUSSION**

In determining whether a temporary restraining order should be granted, Rule 65(b) of the Federal Rules of Civil Procedure directs the court to look to the specific facts shown by an affidavit to determine whether immediate and irreparable injury, loss, or damage will result to the applicant. In determining whether preliminary injunctive relief should be granted, the court is required to consider the factors set forth in Dataphase Sys., Inc., v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981). Whether a preliminary injunction or temporary restraining order should be granted involves consideration of "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Id.

It is well-established that the burden of establishing the necessity of a temporary restraining order or a preliminary injunction is on the movant. Baker Elec. Coop., Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994); Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 737 (8th Cir. 1989). "No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction." Baker Elec. Coop., Inc., 28 F.3d at 1472 (quoting Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc., 815 F.2d 500, 503 (8th Cir. 1987)).

### A.     IRREPARABLE HARM

The plaintiffs must establish there is a threat of irreparable harm if injunctive relief is not granted and that such harm is not compensable by money damages. Doe v. LaDue, 514 F. Supp. 2d 1131, 1135 (D. Minn. 2007) (citing Northland Ins. Co. v. Blaylock, 115 F. Supp. 2d 1108, 1116 (D. Minn. 2000)). "The 'mere possibility' that harm may occur before a trial on the merits is not enough." Johnson v. Bd. of Police Comm'rs, 351 F. Supp. 2d 929, 945 (E. D. Mo. 2004). The party that seeks the temporary restraining order must show a significant risk of harm exists. Doe, 514 F. Supp. 2d at 1135 (citing Johnson, 351 F. Supp. 2d at 945). The absence of such a showing is sufficient grounds to deny injunctive relief. Id. (citing Gelco v. Coniston Partners, 811 F.2d 414, 420 (8th Cir. 1987)).

The Gustafsons allege they will suffer irreparable harm if the Poitras continue to block vendors and customers' access to the 1 Stop Market in Belcourt, North Dakota. In addition to monetary damages, the Gustafsons contend 1 Stop Market will incur damage to its goodwill. The Eighth Circuit has held that threatened loss of goodwill is sufficient to constitute irreparable harm. Medicine Shoppe Int'l, Inc. v. S.B. S. Pill Dr., Inc., 336 F.3d 801, 805 (8th Cir. 2003). The Court finds that this *Dataphase* factor weighs in favor of the issuance of a temporary restraining order.

In addition, the Eighth Circuit Court of Appeals has explained that a district court can presume irreparable harm if the movant is likely to succeed on the merits. Calvin Klein Cosmetics Corp., 815 F.2d at 505 (citing Black Hills Jewelry Mfg. Co. v. Gold Rush, Inc., 633 F.2d 746, 753 (8th Cir. 1980)). As discussed below, the Court finds that irreparable harm is shown because the Gustafsons have demonstrated a sufficient likelihood of success on the merits. Accordingly, this *Dataphase* factor weighs in favor of the issuance of a temporary restraining order.

### B.      BALANCE OF HARM

The Gustafsons have filed documents with the Court purporting to show they own the land underlying the access road and the 1 Stop Market. On the face of the documents, it appears the Gustafsons own the property in question which the Poitras are allegedly interfering with. As such, the Poitras would suffer no cognizable harm if enjoined from interfering with the Gustafsons' property. On the other hand, the Gustafsons would continue to suffer harm if the Poitras continue to interfere with their property interests. Accordingly, based on the record made available to the Court, the balance of harm weighs in favor of the issuance of a temporary restraining order to enjoin the Poitras interference with the Gustafsons' property interests.

### C.      PROBABILITY OF SUCCESS ON THE MERITS

When evaluating a movant's "likelihood of success on the merits," the court should "flexibly weigh the case's particular circumstances to determine 'whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined.'" Calvin Klein Cosmetics Corp., 815 F.2d at 503 (quoting Dataphase, 640 F.2d at 113). At this preliminary stage, the Court does not decide whether the party seeking the temporary restraining order will ultimately prevail. PCTV Gold, Inc. v. SpeedNet, LLC, 508 F.3d 1137, 1143 (8th Cir. 2007). Although a temporary restraining order cannot be issued if the movant has no chance on the merits, "the Eighth Circuit has rejected a requirement as to a 'party seeking preliminary relief prove a greater than fifty per cent likelihood that he will prevail on the merits.'" Id. (quoting Dataphase, 640 F.2d at 113). The Eighth Circuit has also held that of the four factors to be considered by the district court in considering preliminary injunctive relief, the likelihood of

success on the merits is "most significant." S & M Constructors, Inc. v. Foley Co., 959 F.2d 97, 98 (8th Cir. 1992).

As outlined above, the Gustafsons have filed documents that appear to show they own the property in question. In addition, the Gustafsons have submitted photographs that appear to show a semi-truck trailer and a pile of timber obstructing the access road to the 1 Stop Market. See Docket Nos. 41, 42, and 43. The Gustafsons allege the Poitras are responsible for the obstructions. At this preliminary stage, the evidence submitted by the Gustafsons shows there is a strong possibility of success on the merits of their claim. Thus, the Court finds the balance of equities weighs in favor of the Court issuing a temporary restraining order.

### D. PUBLIC INTEREST

The documents filed by the Gustafsons appear to show needless interference with property rights and interference with an ongoing business. The public interest weighs in favor of protecting against such activity. Therefore, based upon the limited record and evidence made available to the Court, this *Dataphase* factor weighs in favor of the issuance of the temporary restraining order at this stage.

### III. CONCLUSION

After carefully reviewing the entire record and the *Dataphase* factors, the Court finds the Gustafsons have met their burden under Rule 65 of establishing the necessity of an ex parte temporary restraining order. The Court **GRANTS** the Plaintiffs' motion for a temporary restraining order (Docket No. 5). Linus Poitra and Raymond Poitra are **ENJOINED** from interfering with the

Gustafsons' property rights and interests in the property located within the Turtle Mountain Indian Reservation, in Belcourt, North Dakota, which is more precisely described below. In addition, it is **ORDERED**:

1) That the Defendants and any persons or entities acting in concert with or on behalf of the Defendants, unless by the written consent of the Plaintiffs, shall be restrained and enjoined during the pendency of this action from interfering in any way with the Plaintiffs' property rights and interest in property described as follows:

    Township 162 North, Range 70 West

    Sec: 29: that part of the NW1/4 NW1/4 lying South of the Highway Right-of-Way of State Highway Number 5.

2) That the Defendants shall appear in Courtroom One of the U.S. District Court for the District of North Dakota, in Bismarck, North Dakota, on **Thursday, October 18, 2012 at 1:30 p.m.** to show cause under Rule 65 of the Federal Rules of Civil Procedure why they should not be restrained and preliminarily enjoined during the pendency of this action.

3) That the Defendants may at any time file a motion to dissolve or modify this temporary restraining order in accordance with Rule 65(b)(4) of the Federal Rules of Civil Procedure. If such a motion is not filed within fourteen (14) days after service of this order, the temporary restraining order shall be deemed consented to based upon the grounds set forth above until further order of the Court.

4) No bond shall be required to be posted by the Plaintiffs before the temporary restraining order is effective.

5)      The temporary restraining order will not become effective until the Plaintiffs serve the order on the Defendants. The Plaintiffs shall arrange for the immediate service of this order together with the Plaintiffs' "Motion for Temporary Restraining Order" (Docket No. 5) and supporting pleadings and affidavits (Docket Nos. 6, 7, and 8), and shall promptly file proof of service with the Court.

7)      In accordance with Rules 65(b)(2), this order expires in 14 days or on October 19, 2012, at the same hour of this Order, unless the Court, for good cause, extends the order "for a like period or the adverse party consents to a longer extension."

**IT IS SO ORDERED.**

Dated this 5th day of October, 2012, at 4:10 p.m.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court