IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Darrel & Janine Gustafson, d/b/a 1 Stop Market, | ) ) ) |
| Plaintiffs, | ) **ORDER GRANTING DEFENDANTS'** ) **MOTION TO DISMISS** ) |
| vs. | ) ) |
| Linus Poitra and Raymond Poitra, | ) Case No. 4:12-cv-129 ) |
| Defendants. | ) |

Before the Court is a motion to dismiss filed by Defendants Linus Poitra and Raymond Poitra on October 17, 2012. See Docket No. 18. The Plaintiffs, Darrel and Janine Gustafson, filed a response in opposition to the motion on August 27, 2013. See Docket No. 23. For the reasons set forth below, the Court grants the motion.

I.  **BACKGROUND**

The parties involved in this dispute have been embroiled in continuous and senseless litigation for more than a decade. The various actions between the Gustafson and Poitra families include multiple tribal, state, and federal lawsuits. The Poitras are enrolled members of the Turtle Mountain Band of Chippewa Indians. The Gustafsons are not tribal members. Both parties are North Dakota residents. The Gustafsons own and operate the 1 Stop Market, a gas station and convenience store located on non-Indian owned fee land in Rolette County, North Dakota, and within the exterior boundaries of the Turtle Mountain Indian Reservation. The Gustafsons brought this action under the Declaratory Judgment Act seeking declaratory and injunctive relief regarding the litany of ongoing disputes and battles between themselves and the Poitras, and numerous tortious

1

acts committed against them by the Poitras. Along with the complaint, the Gustafsons filed a motion for a temporary restraining order concerning the Poitra's alleged interference with the operation of the Gustafsons' business. It is the contention of the Gustafsons that the Poitras deliberately blocked an access road to 1 Stop Market by parking a large truck and dumping debris in the driveway, rendering it impassable.

On October 5, 2012, this Court granted the Gustafsons' motion for a temporary restraining order. See Docket No. 10. On October 17, 2012, the Defendants moved to dissolve the temporary restraining order and to dismiss the case on the basis that the Plaintiffs had failed to exhaust tribal court remedies. See Docket No. 18. On October 18, 2012, a show cause hearing was held to determine whether the temporary restraining order should become a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure. That same day, the Court granted a preliminary injunction ordering the Poitras to remove all obstructions by the end of the following day, and enjoining them from interfering with the Gustafsons' property rights in any way. See Docket No. 20. The Court also ordered the Poitras' motion to dismiss be held in abeyance pending the outcome of a settlement conference. Multiple attempts to settle the matter have failed. The goal was to hopefully end the chaos, seek a peaceful resolution, and impress upon the parties the need to be civil in their dealings with others. Suffice it to say that common sense has been non-existent. Counsel for the Poitras was granted leave of Court to withdraw on September 11, 2013. See Docket No. 25. The Poitras have failed to retain new counsel and are acting *pro se.* A bench trial is scheduled for October 21, 2014.

## II. LEGAL DISCUSSION

In their motion, the Poitras ask the Court to dismiss the action based upon a failure of the Gustafsons to exhaust their tribal court remedies. It is well-established that principles of comity require that tribal court remedies be exhausted before a federal district court may consider granting relief in a civil case regarding tribal-related activities on reservation land. Krempel v. Prairie Island Indian Comty., 125 F.3d 621, 622 (8th Cir. 1997) (citing Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9 (1987); Nat'l Farmers Union Ins. Cos. v. Crow Tribe, 471 U.S. 845 (1985); Bruce H. Lien Co. v. Three Affiliated Tribes, 93 F.3d 1412 (8th Cir. 1996)). The Gustafsons acknowledge they have not exhausted their tribal court remedies but contend this matter fits within several well-recognized exceptions to the tribal exhaustion doctrine. Specifically, the Gustafsons contend exhaustion is not required because their "claims are not pending in tribal court," exhaustion would be futile, and the assertion of tribal court jurisdiction is motivated by a desire to harass. See Docket No. 23, p.6.

### A. FEDERAL QUESTION JURISDICTION

A careful review of the motion, briefs, and complaint have caused the Court to question its jurisdiction over the matter. A federal court has a special obligation to consider whether it has subject matter jurisdiction in every case, and to raise the issue *sua sponte* when the court believes jurisdiction may be lacking. Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011). Federal courts have an independent obligation to ensure that jurisdiction is proper. This obligation may be exercised at any stage of the litigation. Plains Commerce Bank v. Long Family Land & Cattle Co., 554 U.S. 316, 324 (2008).

It is well-established that federal courts are courts of limited rather than general jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). They possess only that power authorized by the United States Constitution and federal statute. Id. The mere fact that a case

involves a tribal member, tribal property, or arises in Indian country does not provide a basis for federal jurisdiction. Cohen's Handbook of Federal Indian Law, § 7.04[1][a], at 611 (Nell Jessup Newton ed., 2012).

In their complaint, the Gustafsons contend federal question jurisdiction exists under 28 U.S.C. § 1331 "because the issue of tribal court jurisdiction over a person who is not a member of the tribe and owns fee land within the confines of an Indian reservation is a federal question." See Docket No. 1, ¶ IV. This is the only assertion of federal question jurisdiction in the complaint.[1] There is no question diversity jurisdiction is lacking as all the parties are North Dakota residents. In addition, while the action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201, the Declaratory Judgment Act does not confer jurisdiction and is not an independent source of subject matter jurisdiction. 10 Federal Procedure, L. Ed. Declaratory Judgments § 23:39 (2007). Since the Declaratory Judgment Act does not confer jurisdiction, a federal question must appear on the face of a well-pleaded complaint. Id. at § 23:43.

It is well-established that federal courts have jurisdiction to determine whether an Indian tribe has the power to compel non-Indians to submit to the civil jurisdiction of a tribal court. Plains Commerce Bank, 554 U.S. at 324; Auto-Owners Ins. Co., 495 F.3d at 1021. A federal court has jurisdiction to determine whether a tribal court has exceeded its jurisdictional limits because the question is one that must be answered by reference to federal law. Auto-Owners Ins. Co., 495 F.3d at 1021.

In this case, the complaint makes no reference to a pending tribal court case relating to the

---

[1] The complaint contains allegations that the Poitras have made "false allegations by filing plats on the property in question," filed fraudulent liens in the Rolette County Recorder's office, blocked access to the 1 Stop Market, and filed false and fraudulent affidavits in state district court. The Gustafsons do not appear to suggest these contentions raise a federal question. Any contention such acts raise a federal question would fail as these are ordinary torts that do not require the interpretation of a federal statute, constitutional provision, or treaty. Cf. Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation, 495 F.3d 1017, 1023 (8th Cir. 2007) (ordinary contract disputes involving an Indian tribe do not raise a federal question).

4

Gustafsons' right to access their property. There is no allegation a tribal court has exceeded its jurisdiction or compelled the Gustafsons to submit to its jurisdiction. Nor has the tribal court been named as a defendant in this action. The Gustafsons admit this particular dispute is not the subject of any tribal court action. In their response to the Poitras' motion to dismiss they state "Plaintiffs' claims are not pending in tribal court." See Docket No. 23, p. 6. While the complaint makes vague references to "multiple tribal court proceedings" and "various" causes of action brought in tribal court, there is nothing currently pending and active for this Court to review. See Docket No. 1, pp. 4 and 7. This Court will not decide tribal court jurisdictional issues in the abstract.[2] An allegedly improper assertion of jurisdiction by a tribal court presents a federal question only when there has actually been such a determination by the tribal court. See Gaming World Int'l, Ltd. v. White Earth Band of Chippewa Indians, 317 F.3d 840, 847-48 (8th Cir. 2003) (noting jurisdiction over a claim for declaratory relief under the Declaratory Judgment Act only exists if the action requires resolution of an issue of federal law). Since there is no pending action in tribal court in which the tribal court may have exceeded its jurisdiction, no federal question is presented which would sustain an action under the Declaratory Judgment Act. The Court finds it lacks subject matter jurisdiction.

### B. TRIBAL EXHAUSTION DOCTRINE

In the event the current dispute finds its way to tribal court, the Gustafson's would be obligated, under the tribal exhaustion doctrine, to allow the tribal courts to examine the jurisdictional issue in the first instance. Nat'l Farmers Union, 471 U.S. at 857. Exhaustion of tribal remedies requires not only a jurisdictional determination by lower tribal courts, but also that tribal appellate

---

[2]The Gustafsons request for a declaration that the Poitras have no personal or subject matter jurisdiction over them is nonsensical. It is the courts, governments, and political and judicial subdivisions that exercise jurisdiction, rather than private individuals. See Black's Law Dictionary 855 (7th ed. 1999).

courts have the opportunity to review the issue. Iowa Mut. Ins. Co., 480 U.S. at 17. Exhaustion is mandatory when a case fits within the doctrine. Gaming World Int'l, Ltd., 317 F.3d at 849. It is only after a tribal appellate court upholds a lower tribal court's determination that jurisdiction was proper that a party may challenge that determination in federal district court. Iowa Mut. Ins. Co., 480 U.S. at 19. This process, which is typically accomplished by an action brought under the Declaratory Judgment Act, must take place on a case-by-case basis because the analysis of whether a tribal court has jurisdiction over non-members is fact intensive. See generally Plains Commerce Bank, 554 U.S. at 329-30 (applying the test announced in Montana v. United States, 450 U.S. (1981)).

Exhaustion is not required "where an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith, or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction." Nat'l Farmers Union, at 857 n. 21 (citations omitted). The Gustafsons' claims of futility and bias are unlikely to excuse them from the tribal exhaustion requirement. The cases which have found exhaustion was not required due to futility based that conclusion upon a finding that no functioning tribal court existed. Krempel, 125 F.3d at 622-23 (exhaustion not required where no tribal court system existed at the time the federal action was filed). Since there is no question the Turtle Mountain Band of Chippewa Indians has a long-established tribal court system, any claim of futility would be unlikely to succeed. Suggestions of bias would also likely fail. In addition, a mere suggestion of bias would also likely fail as bias will not be presumed. Duncan Energy Co. v. Three Affiliated Tribes, 27 F.3d 1294, 1301 (8th Cir. 1994). The exception for bias focuses on whether the tribal court is biased. The Gustafsons' assertion of bias primarily relates to the Poitras filing frivolous lawsuits in tribal court. They do not contend the tribal court itself is biased. The Poitras subjective motivations do not provide a basis

6

for avoiding the tribal exhaustion doctrine.

The Court notes the equities clearly favor the Gustafsons, and the Court is sympathetic to the jurisdictional dilemma they find themselves in. The juvenile behavior and attitude of the Poitras that triggered the need for the issuance of the TRO in October 2012 is difficult for any reasonable person to understand. However, the plaintiffs cannot use the Declaratory Judgment Act as a vehicle to resolve a multitude of long-standing disputes which neither raise a federal question nor bear any relationship to a lawsuit over which the Court would have jurisdiction.

### III.   CONCLUSION

For the reasons set forth above, the motion to dismiss (Docket No. 18) is **GRANTED**. The case is dismissed without prejudice. The preliminary injunction (Docket No. 20) is dissolved.

**IT IS SO ORDERED**.

Dated this 24th day of September, 2014.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, District Judge
> United States District Court